IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES PHILLIP, | **8:19CV422** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| ANDREW M. SAUL, Commissioner of Social Security; | |
| Defendant. | |

Plaintiff, Charles Phillip, requests an award of fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $4,565.45, representing 6.7 hours of attorney work at a rate of $205.25 per hour in 2019 and 15.4 hours of attorney work at a rate of $207.16 in 2020. (Filings 26)

The Commissioner only objects to 3.0 hours of work that was performed in 2019 by Plaintiff's two attorneys, Robert Laughlin and Wes Kappelman. (Filing 27) The Commissioner does not dispute the hourly rate for either year.

The EAJA requires a party seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B); *see also* NECivR 54.4 ("Fee Application Guidelines," which are designed to "help attorneys present to the court information essential to a reasoned explanation of the fee award."). Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Commissioner firsts disputes the following time entries for Mr. Laughlin on September 23 and 24, 2019, which total 2.4 hours:

Call with Mr. Kappelman RE: forms, IFP motion, etc. (0.7); Call to Mr. Phillip concerning IFP form (0.3); trip to see Mr. Phillip, review IFP

and other forms, obtain signatures (1.0); sending IFP and forms to Mr. Kappelman (0.2)

Call with Mr. Phillip, reply to Mr. Kappelman RE: IFP form. (0.2)

(Filing 26-2 at 2)

The Commissioner contends these are clerical activities, which do not require the skill of an attorney, and thus the requested 2.4 hours of attorney time should not be compensable under the EAJA, citing *Knudson v. Barnhart*, 360 F. Supp.2d 963, 977 (N.D. Iowa 2004) ("[T]asks that are clerical in nature are not compensable as attorney's fees.").

Plaintiff acknowledges that "such tasks perhaps should have been billed at a rate lower than an attorney or paralegal rate," and also that "[t]he amount of time billed may be somewhat high for IFP preparation generally," but notes "Mr. Laughlin did have to travel to meet Mr. Phillip to complete the IFP form and clarify questions regarding the IFP motion and forms for Mr. Phillip and Mr. Kappelman." (Filing 28 at 1-2)

To the extent the Commissioner takes the position that time spent in preparing or reviewing IFP applications is never compensable under the EAJA, I disagree. At least in this circuit, it is generally accepted that "[t]he time spent developing an *in forma pauperis* application and preparing to file the summons and complaint in federal district court are compensable under EAJA." *Tonya S. G. v. Saul*, No. CIV. 17-5021-JLV, 2019 WL 6528487, at *2 (D.S.D. Dec. 4, 2019); *see Williams v. Colvin*, No. 2:15-CV-2112-MEF, 2017 WL 1042080, at *2 (W.D. Ark. Mar. 17, 2017) ("Plaintiff is entitled to compensation for drafting/preparing the complaint, summonses, [and] motion to proceed in forma pauperis …. Counsel is expected to be involved in the preparation of the case commencing documents, …."); *Lorence v. Astrue*, No. CIV09-473(DWF/SRN), 2010 WL 1544287, at *3 (D. Minn. Apr. 12, 2010) (hours plaintiff's attorney spent initiating lawsuit, including communicating with plaintiff regarding IFP application, drafting summons, complaint, and IFP application, were compensable under EAJA), *report and recommendation adopted*, No. CIV09-473(DWF/SRN), 2010 WL 1544284 (D.Minn. Apr. 19, 2010). However,

2

purely clerical or administrative activities, "including time consulting with the client, and time which should otherwise have been performed by a legal secretary prior to the filing of the complaint must be removed from EAJA consideration." *Tonya S. G.*, 2019 WL 6528487, at *2. But even though there is no *per se* rule that any work performed with regard to IFP applications is clerical in nature, the Commissioner is correct that much of this work can be performed by non-attorneys.

In *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987), the Court of Appeals held that work which could have been completed by support staff is not compensable under the EAJA. "This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical." *Pelts v. Colvin*, No. 2:15-CV-2161-MEF, 2017 WL 1230855, at *2 (W.D. Ark. Apr. 3, 2017).

"It is appropriate to distinguish between legal work, in the strict sense, and ... clerical work ... and other work which can be accomplished by non-lawyers but which a lawyer may do because he has no other help available." *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 (1989). The "dollar value [of that work] is not enhanced because a lawyer does it." *Id.* In other words, "when a lawyer does something that a secretary should do, the lawyer is not entitled to bill at either a lawyer's or a paralegal's hourly rate." *Tyrrell v. Berryhill*, No. 2:16-CV-00628-JAW, 2018 WL 2933395, at *3 (D. Me. June 12, 2018); *see also Lacy v. Massanari*, No. 4:01CV3000, 2002 WL 269382, at *3 (D. Neb. Feb. 26, 2002) ("While paralegal fees are properly included in an EAJA award, 'purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.'" (quoting *Missouri,* 491 U.S. at 288 n. 10)).

Here, the description of the work performed by Mr. Laughlin in connection with the IFP application is not sufficiently detailed to make a determination as to whether the activities are "legal work" or clerical in nature. It is abundantly clear, however, that the IFP application in this case (Filing 2) is a simple document which was not deserving of 2.4 hours of counsel's time. Especially considering Plaintiff's financial situation, only minimal information needed to be provided on the court's standard form. Because the documentation for Mr. Laughlin's time is inadequate,

and the amount of time claimed is excessive when measured against the final work product, I will disallow 2.0 hours of the requested time, which amounts to $410.50 of the requested EAJA fees.

The Commissioner also objects to 0.6 hours of time entries for Mr. Laughlin on July 17 and 18, 2019, and September 3, 2019:

> Call to Mr. Kappelman on Request for Extension to File a Civil Action (0.2)
>
> Call with Mr. Phillip regarding Request for Extension of Time, filing a civil action (0.1)
>
> Sending exhibit file, SSA extension of time grant to Mr. Kappelman (0.3)

(Filing 26-2 at 1-2)

The Commissioner contends any work involving requests for extensions of time is not compensable under EAJA, citing *Marsh v. Colvin*, 2013 WL 2242649, at *3 (W.D. Ark. May 21, 2013) (disallowing 0.92 hours claimed by plaintiff in preparation and review of a request for additional time to file her appeal brief), and *Carter v. Astrue*, 2012 WL 1711687, at *2 (W.D. Ark. May 15, 2012) (disallowing .50 hours for preparation and filing of a motion for extension of time, and .20 hours for review of the court's order granting the extension).[1]

Plaintiff states "the Commissioner is correct that extensions of time are generally not tasks that should be billed under EAJA," but contends there are special

---

[1] The cases cited by the Commissioner involve motions for extension of time that were filed in district court. The only motion for extension of time Plaintiff filed in this case was on January 20, 2020. (Filing 13) Plaintiff has not requested a fee award for that motion. But, in any event, "[t]he cases cited by the Commissioner do not support a blanket conclusion that 'hours expended obtaining extensions of time are not compensable under the EAJA,' as the Commissioner claims." *Coleman v. Astrue*, No. C05-3045-PAZ, 2007 WL 4438633, at *2 (N.D. Iowa Dec. 17, 2007).

circumstances here because Mr. Laughlin did not become Plaintiff's attorney until several weeks after the Appeals Council denied review on April 23, 2019, and "[w]ithout Mr. Laughlin's work on Mr. Phillip's request for an extension of time, Mr. Phillip's claim would likely have never been appealed …." (Filing 28 at 2)

Plaintiff's argument is unpersuasive. On June 12, 2019, Plaintiff requested an extension of time from the Appeals Council for the filing of a civil action. (Filing 9-2 at 3)  According to the time records, Mr. Laughlin met with Plaintiff for 1.8 hours on that date to discuss appeal options. (Filing 26-2 at 1)[2] The Commissioner has not objected to that time entry. The disputed entries for July 17 and 18 occurred about one month after the extension was requested by Plaintiff, and about one month before the Appeals Council granted the extension, on August 20, 2019. (Filing 9-2 at 1) Plaintiff's purported justification for the time entries does not explain why Mr. Laughlin was in communication with Mr. Kappelman and Plaintiff while the request for extension of time was pending before the Appeals Council. Because those time entries for 0.3 hours do not appear to have involved "legal work" that facilitated the subsequent filing of this action on September 24, 2019, they will be disallowed. The September 3, 2019 entry of 0.3 hours for "[s]ending exhibit file, SSA extension of time grant to Mr. Kappelman" will also be disallowed because this activity appears to be purely clerical. Thus, Plaintiff's fee request will be reduced by another $123.15.

Finally, Plaintiff requests an award of an additional $207.16 for 1.0 hours of Mr. Kappelman's time spent in preparing a reply brief in support of the EAJA fee application. (Filing 28-3) This request will be denied because the Commissioner's objections have been sustained for the most part, and the additional briefing was not beneficial.

In conclusion, the court has determined that Plaintiff was the prevailing party in this action, as the Commissioner's decision was reversed and remanded for further proceedings; the position of the Commissioner was not substantially justified; the

---

[2] Plaintiff stated in the typewritten request that he needed an extension of time because he was still looking for an attorney to appeal the ALJ's decision. Plaintiff now indicates Mr. Laughlin worked on the request for extension of time, but this is not reflected in the time records or in the request itself.

application for fees was filed in a timely fashion; and Plaintiff's net worth did not exceed two million dollars when the action was filed. *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004); 28 U.S.C. § 2412(d)(1)(A), (2)(B). Plaintiff therefore is entitled to an award of reasonable attorney fees, which the court finds to be in the total amount of $4,031.80. Further, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), while the EAJA fee is payable to Plaintiff as the litigant, the Commissioner "has no objection to mailing the EAJA fee to Plaintiff's attorney." (Filing 27 at 3)

Accordingly,

IT IS ORDERED:

1. Plaintiff's Petition for Attorney's Fees Under 28 U.S.C. § 2412(D) (EAJA) (Filing 26) is granted in part and denied in part. The court disallows $533.65 of the EAJA fees requested. Plaintiff is awarded a total amount of $4,031.80.

2. The EAJA fee is payable to Plaintiff as the litigant, but with Defendant's agreement, shall be sent to Plaintiff's counsel, Wes Kappelman, at Kappelman Law Firm, P.O. Box 1792, Ames, IA 50010, if the Commissioner determines that Plaintiff owes no debt subject to offset under the Treasury Offset Program; and

3. By separate document, the court shall enter judgment for Plaintiff and against Defendant, providing that Plaintiff is awarded attorney fees in the amount of $4,031.80.

Dated this 6th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge