IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES P.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | 8:19CV422<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b). (Filing 31.)

## I. BACKGROUND

This is an action brought pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff filed his complaint in this matter on September 24, 2019. (Filing 1.) The court reversed the Commissioner's decision and remanded the case for further proceedings on July 15, 2020. (Filing No. 24.) Past due benefits have since been calculated and awarded by the Commissioner.

On November 16, 2020, the court awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,031.80, subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. (Filing 29.) The EAJA award was received by counsel without any offset. (Filing 31, ¶ 7.)

In support of his motion, Plaintiff has shown that on or about September 18, 2020, he entered into a fee agreement with counsel, Wes Kappelman and Robert A. Laughlin, providing for a contingency fee of twenty-five percent of past due benefits. (Filing 31-1.) In a notice of award dated July 20, 2021, the Commissioner explained

that $13,360.88, or 25 percent of Plaintiff's past due benefits, was being withheld for attorney fees. (Filing 31-2.)

Mr. Laughlin is seeking $6,000.00 in attorney's fees under 42 U.S.C. § 406(a) for his work before the agency. (Filing 31, ¶ 5.) Plaintiff's pending motion requests $7,360.88 in attorney's fees under 42 U.S.C. § 406(b) for counsel's work before the court. This amount represents the difference between the amount withheld from Plaintiff's past due benefits and the amount Mr. Laughlin is seeking as a fee payment from the Commissioner under § 406(a). (Filing 31, ¶ 6.)

## II. APPLICABLE LAW

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (alteration in original; internal quotation marks and citation omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. *Gisbrecht*, 535 U.S. at 805. "[W]hile the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U. S. at 807-08).

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

## III. DISCUSSION

The government has no objections to plaintiff's motion, but asks this Court to independently review the request filed by Plaintiff. (Filing 35.)

The court has conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result in this particular case. The parties' agreement calls for a 25% contingency fee. No downward adjustment is indicated based on the character of the representation and the result achieved. Plaintiff's attorneys do not appear to have caused any unnecessary delay in proceedings. The hours counsel spent on the case are properly documented, and are not out of line with the results achieved (*i.e.*, an award of past-due benefits in the amount of $53,443.52).

Counsel expended a total of 22.1 hours in prosecuting this case before the court. (Filing 26-2; Filing 31-3.) The "hypothetical hourly rate" is approximately $333.07 ($7,360.88 ÷ 22.1). While this may be more than the prevailing market rate (see Filing 26-1), "a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis is very high." *Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008) (awarding $10,288.50 under § 406(b) for 29.4 hours of work, equating to $349.94 per hour); *see Sedlak v. Saul*, No. 8:18CV515, 2020 WL 5849685, at *2 (D. Neb. Oct. 1, 2020) (citing additional cases in support of a § 406(b) fee award of $7,998.75 for 10.2 hours of work, equating to $784.19 per hour).

## IV. CONCLUSION

The court will award $7,360.88 to Plaintiff under 42 U.S.C. § 406(b), to be paid to counsel out of the amount being withheld from Plaintiff's past-due benefits by the Social Security Administration. The fees previously awarded by this court under the Equal Access to Justice Act, in the amount of $4,031.80, will be refunded to Plaintiff by counsel.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for attorney fees (Filing 31) is granted. Plaintiff is awarded $7,360.88 under 42 U.S.C. § 406(b).

    2. The Court orders the Social Security Administration to send the § 406(b) award to Mr. Laughlin, who will then reimburse Plaintiff for the EAJA award and disburse to Mr. Kappelman his portion of the § 406(b) award.

    3. Judgment shall be entered by separate document.

Dated this 1st day of September, 2021.

                                      BY THE COURT:

                                      *Richard G. Kopf*

                                      Richard G. Kopf
                                      Senior United States District Judge